**OOSTERHOUDT v. STATE BOARD OF ACCOUNTANCY, et al.**

Circuit Court, Alachua County.

April 23 and June 7, 1956.

Edward McCarthy, McCarthy, Lane & Adams, Jacksonville, for plaintiff.

Lazonby, Dell, Graham & Mills, Gainesville, for defendants.

JOHN A. H. MURPHREE, Circuit Judge.

*Order:* This cause came on to be heard upon the motion to dismiss the complaint and motion for more definite statement. Argument of counsel for the respective parties having been heard, and the court being advised in the premises finds as follows —

It appears from the complaint that the plaintiff is a duly licensed certified public accountant under the laws of the state of Florida. He proposes to associate himself as a partner with a New York firm of certified public accountants and to hold out to the public that his non-resident partners are qualified to practice public accounting under the laws of the state of New York, but that all accounting work the plaintiff may do for said firm within the state of Florida will be performed by him personally or by Florida accountants under his direction.

Sections of the accounting statute which control this case, 473.16 and 473.23, subsections (3) and (5), Florida Statutes 1955, being

penal in nature, should be construed liberally in favor of the plaintiff.

The court should, if possible, construe the provisions of 473.16 and 473.23, subsections (3) and (5), as being without repugnancy, if it can be reasonably and logically done.

Applying the foregoing principles of construction to the cited provisions of said statute in relation to the plaintiff's proposed mode of operation, as outlined above, the complaint does not fail to state a cause of action. The motion to dismiss should, therefore, be denied, and, having thus concluded, it is not necessary to rule upon the constitutionality of the defendants' interpretation of the accounting act in this case.

It is therefore ordered and adjudged, as follows — (1) The motion to dismiss and the motion for more definite statement are denied, (2) The defendants are allowed 15 days to answer the complaint, and (3) The plaintiff shall plead to the answer, as advised, within 15 days after service of copy of same upon his counsel.

*Summary final decree:* This cause came on after due notice to be heard on motions filed respectively by the defendants and by

the plaintiff for summary final decree and decree on pleadings; and the said motions were argued by counsel for the respective parties, and it appearing to the court from the pleadings that there is no genuine issue as to any material fact and that the plaintiff is entitled to a decree as a matter of law; thereupon it is found, declared, ordered, adjudged and decreed as follows —

The plaintiff O. J. Oosterhoudt is a duly licensed certified public accountant under the laws of Florida, and as such is engaged in active practice in this state, and proposes to associate himself as a partner with a firm of New York certified public accountants known as Peat, Marwick, Mitchell & Co. and to hold out to the public that his non-resident partners in such firm are qualified to practice public accounting under the laws of the state of New York, but all such accounting work the plaintiff may do for said firm within the state of Florida will be performed by him personally or by Florida accountants under his direction.

Conducting his practice in the manner hereinabove set forth, the plaintiff O. J. Oosterhoudt is entitled under the proviso contained in section 473.23, paragraph (3), Florida Statutes 1955, to act in the state of Florida as resident partner of the said firm of New York certified public accountants and to hold out to the public of Florida that said firm of Peat, Marwick, Mitchell & Co. are qualified to practice public accounting under the laws of the state of New York.

That the aforesaid motion of the plaintiff is granted and the aforesaid motion of the defendants is denied; and summary final decree on the pleadings is hereby entered in favor of the plaintiff and against the defendants.